O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIDEL CASTILLO and OLGA O. CASTILLO,<br><br>　　　　　Plaintiffs,<br>　　v.<br>WELLS FARGO BANK, N.A. and DOES 1-10, inclusive,<br><br>　　　　　Defendants. | Case No. 2:13-cv-08931-ODW (SHx)<br><br>**ORDER DENYING MOTION TO REMAND [6]** |

## I.　INTRODUCTION

Plaintiffs Fidel Castillo and Olga O. Castillo move to remand this action to Los Angeles County Superior Court for lack of subject-matter jurisdiction. (ECF No. 6.) Plaintiffs contend that Defendant Wells Fargo Bank, N.A. filed a Notice of Removal that was insufficient to establish diversity jurisdiction under 28 U.S.C. § 1332. Plaintiffs' main argument involves the question of whether a national banking association, such as Wells Fargo, has dual-state citizenship or is a citizen of only a single state where its main office is located. For the reasons discussed below, the Court concludes that diversity jurisdiction exists over this case, and **DENIES** Plaintiffs' Motion to Remand.[1] (ECF No. 6.)

---

[1] Having carefully considered the papers filed in support of, and in opposition to, the instant Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

## II. FACTUAL BACKGROUND

Plaintiffs filed suit against Wells Fargo alleging claims of fraud, misrepresentation, and breach of contract. (*See* Notice of Removal Ex. A.) Plaintiffs' claims arise from the denial of a loan modification under the Home Affordable Modification Program (HAMP). (Mot. 3:8-9, 15.)

Plaintiffs are residents of Glendale, California. On December 18, 2007, they executed a deed of trust against their home as security for a loan of $365,000 from World Savings Bank, FSB. (Compl. ¶¶ 1, 11.) World Savings was ultimately acquired by Wells Fargo through a series of transactions. (Compl. ¶ 3.) Plaintiffs fell behind on their repayments after the maximum aggregate principal balance of their loan negatively amortized to $456,250.00. (Compl. ¶¶ 11, 15.) After falling behind on their repayments, Plaintiffs contacted Wells Fargo to apply for a loan modification under HAMP, but the loan modification was denied. (Mot. 3:8-9.)

On October 30, 2013, Plaintiffs commenced this action in Los Angeles County Superior Court, alleging that Wells Fargo failed to comply with the California Home Owners Bill of Rights, and failed to review the application for the loan modification in good faith. (ECF No. 1, Ex. A.) Wells Fargo then removed the action to federal court on December 4, 2013, on the basis of diversity jurisdiction under 28 U.S.C. § 1332. (ECF No.1.) Wells Fargo asserts that it is a citizen of only South Dakota, while Plaintiffs are citizens of California.

Plaintiffs filed the instant Motion to Remand on December 20, 2013. (ECF No. 6.) Wells Fargo's Opposition was filed on January 6, 2014. (ECF No. 10.) No reply papers were filed.

## III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, having subject-matter jurisdiction only over matters authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *e.g.*, *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the

federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). But courts strictly construe the removal statute against removal jurisdiction, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006) (citing *Gaus*, 980 F.2d at 566).

Federal courts have original jurisdiction where an action presents a federal question under 28 U.S.C. § 1331, or diversity of citizenship under 28 U.S.C. § 1332. A defendant may remove a case from a state court to a federal court pursuant to the federal removal statute, 28 U.S.C. § 1441, on the basis of federal question or diversity jurisdiction. To exercise diversity jurisdiction, a federal court must find complete diversity of citizenship among the adverse parties, and the amount in controversy must exceed $75,000, usually exclusive of interest and costs. 28 U.S.C. § 1332(a).

## IV. DISCUSSION

In this Motion, Plaintiffs contend that Wells Fargo has dual-state citizenship and that the amount in controversy does not exceed $75,000. Neither party alleges federal-question jurisdiction under 28 U.S.C. § 1331.

### A. Wells Fargo's Citizenship

Plaintiffs' primary argument concerning this Motion to Remand is that there is no diversity of citizenship to satisfy subject-matter jurisdiction. Plaintiffs contend that a national banking association, like Wells Fargo, has dual-state citizenship in the state where its main office is located and in the state where its principal place of business is located. (Mot. 7:1-10.) On the other hand, Wells Fargo argues that a national banking association is only a citizen of the state where its main office is located as indicated in its articles of association. (Opp'n 2:15–18.) The Court agrees with Wells Fargo.

All banking associations are citizens of the states in which they are located. *See* 28 U.S.C. § 1348 (2009). With respect to national banking associations, the Supreme

Court has held that the term "located" does not mean every state in which the bank has an office. *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 (2006). Instead, the term "located" refers only to the location of the national bank's main office as stated in the bank's articles of association. *Id.* Here, Wells Fargo's articles of association state that its main office is located in South Dakota. Therefore, Wells Fargo is a citizen of South Dakota for the purposes of diversity jurisdiction.

But the inquiry does not end there. Plaintiffs concede that Wells Fargo is a citizen of South Dakota. However, they argue that Wells Fargo is *also* a citizen of California because its principal place of business is San Francisco, California. Plaintiffs contend that *Schmidt* never reached the question of dual-state citizenship and that the holding was limited to defining the term "located" as applied to national banking associations. Plaintiffs cite to a number of pre-*Schmidt* cases to support dual-state citizenship of national banking associations. But the Court finds that *Schmidt* abrogates Plaintiffs' cited case law. In *Schmidt*, the Supreme Court spent considerable time discussing the pitfalls of multi-state citizenship of national banks, and was very clear as to the citizenship of national banks for the purposes of diversity jurisdiction. *Id.* "[W]e hold that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Id.* This Court finds no room for dual-state citizenship in the *Schmidt* holding.

Since Wells Fargo's articles of association list the "main office" as located in Sioux Falls, South Dakota, the Court finds that Wells Fargo is a citizen of only South Dakota. (ECF No. 1, Ex. E.) Accordingly, there is diversity of citizenship between Plaintiffs and Wells Fargo.

**B. Amount in Controversy**

Next, Plaintiffs argue that Wells Fargo has not established that the amount in controversy exceeds $75,000 because this action relates to a loan modification and it is too premature to assess Plaintiffs' damages with respect to the denial of a loan

/ / /

modification. (Mot. 6:11-17.) But Wells Fargo asserts that the property in question and the amount of the loan surpass the required sum of $75,000. (Opp'n 20, 21.)

In a federal diversity action, the amount in controversy alleged in the Complaint will suffice unless it appears that the amount was stated in bad faith. *Horton v. Liberty Mut. Ins. Co.*, 367 U.S. 348, 353 (1961). When a plaintiff seeks injunctive or declaratory relief, the amount in controversy is measured by the value of the object of the litigation. *Hunt v. Washington State Apple Adver. Comm'n*, 432 U.S. 333, 347 (1977).

Here, Plaintiffs' secured a $365,000 loan against their residence in Glendale, California. At the time Plaintiffs' monthly payments increased, the amount owed under the loan was $456,250.00. Moreover, based on the amount of the loan secured by Plaintiffs' property, it is safe to assume the property itself is worth more than $75,000 as well. The amount in controversy is satisfied for the purposes of diversity jurisdiction. *See e.g.*, *Harvey v. Bank of Am., N.A.*, 906 F. Supp. 2d 982, 988 (N.D. Cal. 2012) (stating that the object of the litigation was either mortgagor's residence or the amount owing under the promissory note).

## V. CONCLUSION

For the reasons discussed above, the Court finds that there is subject-matter jurisdiction over this action pursuant 28 U.S.C. § 1332. Accordingly, the Court **DENIES** Plaintiffs' Motion to Remand. (ECF No. 6.)

**IT IS SO ORDERED.**

January 31, 2014

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**