O
JS-6

# United States District Court
# Central District of California

| | |
|---|---|
| FIDEL CASTILLO and OLGA O. CASTILLO,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A. and DOES 1–10, inclusive,<br><br>Defendants. | Case No. 2:13-cv-08931-ODW (SHx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITHOUT LEAVE TO AMEND [16] AND DENYING AS MOOT DEFENDANT'S MOTION TO STRIKE [18]** |

## I.   INTRODUCTION

Before the Court are Defendant Wells Fargo Bank, N.A.'s Motion to Dismiss Plaintiffs' First Amended Complaint ("FAC") and Motion to Strike Portions of the FAC. (ECF Nos. 16, 18.) Plaintiffs Fidel Castillo and Olga O. Castillo executed a deed of trust against their home property in December 2007. After Plaintiffs were denied a loan modification under the Home Affordable Modification Program ("HAMP"), they filed suit against Wells Fargo alleging claims of fraud, intentional and negligent misrepresentation, breach of contract, breach of good faith and fair dealing, and violation of California's Unfair Competition Law. For the reasons

discussed below, the Court **GRANTS** Defendant's Motion to Dismiss and **DENIES AS MOOT** Defendant's Motion to Strike.[1]

## II. FACTUAL BACKGROUND

On December 18, 2007, Plaintiffs secured a $365,000 loan from World Savings Bank, FSB's Quick Qualifying Loan Program. (FAC ¶¶ 7–8.) The loan was secured by a deed of trust against their home property located at 1126 Raymond Avenue, Glendale, California 91201. (FAC ¶¶ 1, 7.) Plaintiffs' loan was an Option Adjustable Rate Mortgage ("Option ARM") loan, also known as a "Pick-A-Payment" loan. (FAC ¶ 9.)

Wells Fargo acquired World Savings in 2008 through a series of transactions. (Def.'s Req. for Judicial Notice ("RJN"), Ex. 6.) After Wells Fargo began overseeing Plaintiffs' mortgage, Plaintiffs fell into default when the maximum aggregate principal balance of their loan negatively amortized to $456,250.00 and their monthly repayments increased to $3,800.00.[2] (FAC ¶ 11.) Plaintiffs subsequently contacted Wells Fargo to apply for a loan modification under HAMP, but the loan modification was denied. (Mot. 3:8–9.)

On October 30, 2013, Plaintiffs commenced this action in Los Angeles County Superior Court. (Not. of Removal 2:3–5.) Wells Fargo removed the case to federal district court on December 4, 2013. (ECF No. 1.) Plaintiffs filed the FAC on January 17, 2014, and Wells Fargo subsequently filed this Motion to Dismiss on February 21, 2014. (ECF Nos. 12, 16.) Plaintiffs timely opposed. (ECF No. 19.)

Plaintiffs raise six claims in the FAC: (1) fraudulent concealment; (2) intentional misrepresentation; (3) negligent misrepresentation; (4) breach of contract; (5) breach of implied covenant of good faith and fair dealing; and (6) violation of California's Unfair Competition Law ("UCL") under California Business and Professions Code section 17200. (ECF No. 12.) Plaintiffs allege that

---

[1] After carefully considering the papers filed in support of and in opposition to the Motion, the Court deems the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15.

[2] Plaintiffs do not allege an exact date in the FAC for when they went into default.

Wells Fargo failed to disclose the certainty of negative amortization if Plaintiffs followed the payment schedule contained in their loan documents. (*See* FAC ¶¶ 16–17.) In addition, Plaintiffs contend that they were unaware of the terms of the loan at the time that they agreed to sign the loan documents. (FAC ¶ 21.) Defendant now moves to dismiss the entire FAC. (ECF No. 16.)

### III. LEGAL STANDARD

A court may dismiss a complaint under Rule 12(b)(6) for lack of a cognizable legal theory or insufficient facts pleaded to support an otherwise cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To survive a dismissal motion, a complaint need only satisfy the minimal notice pleading requirements of Rule 8(a)(2)—a short and plain statement of the claim. *Porter v. Jones*, 319 F.3d 483, 494 (9th Cir. 2003). The factual "allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). That is, the complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The determination whether a complaint satisfies the plausibility standard is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. A court is generally limited to the pleadings and must construe all "factual allegations set forth in the complaint . . . as true and . . . in the light most favorable" to the plaintiff. *Lee v. City of L.A.*, 250 F.3d 668, 688 (9th Cir. 2001). But a court need not blindly accept conclusory allegations, unwarranted deductions of fact, and unreasonable inferences. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

As a general rule, a court should freely give leave to amend a complaint that has been dismissed. Fed. R. Civ. P. 15(a). But a court may deny leave to amend when "the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." *Schreiber Distrib. Co. v. Serv-Well*

*Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir.1986); *see Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

## I. DISCUSSION

Wells Fargo moves to dismiss Plaintiffs' entire action because Plaintiffs' federal claims are barred by the doctrine of res judicata and time-barred by the statute of limitations. (Mot. 2–3.) In their Opposition, Plaintiffs do not address the merits of Wells Fargo's res judicata argument. But Plaintiffs do assert that their claims are not time-barred and that the Court should toll the statute of limitations in this action. (Opp'n 7–8.)

### A. Judicial Notice

As an initial matter, Wells Fargo requests that the Court take judicial notice of documents filed in support of its Motion to Dismiss. (ECF No. 17.)

A court may take judicial notice of matters of public record as long as the noticed facts are not "subject to reasonable dispute." *Lee,* 250 F.3d at 689 (quoting *MGIC Indem. Corp. v. Weisman,* 803 F.2d 500, 504 (9th Cir.1986)). If a document forms the basis of a plaintiff's complaint, the district court may use it as part of the complaint, and thus may assume that its contents are true for purposes of a motion to dismiss under Rule 12(b)(6). *See U.S. v. Ritchie,* 342 F.3d 903, 908 (2003). This is permitted to prevent plaintiffs "from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based." *Parrino v. FHP Inc.,* 146 F.3d 699, 706 (9th Cir.1998) *superseded by statute on other grounds as recognized in Abrego v. The Dow Chem. Co.,* 443 F.3d 676, 681 (9th Cir. 2006).

After careful consideration of the Request for Judicial Notice and all supporting documents, the Request is **GRANTED** with respect to the following:

(1) The Court takes judicial notice of the Adjustable Rate Mortgage Note for the Pick-A-Payment Loan, dated December 18, 2007. (RJN, Ex. 1.) The Note forms the basis of Plaintiffs' claims and its authenticity is not disputed.

/ / /

1  (2) The Court takes judicial notice of the Deed of Trust dated December 18, 2007. (RJN, Ex. 2.) The Deed of Trust outlines the terms of the loan that form the basis of Plaintiffs' claims. Its authenticity is also not disputed.

(3) The Court takes judicial notice of the Exclusion List to Document No. 157-2 filed on April 15, 2011 in *In re Wachovia Corp. "Pick-A-Payment" Mortgage Marketing & Sales Practices Litigation*, No. 3:09-md-02015, (N.D. Cal., final settlement approved May 17, 2011) ("*In re Wachovia*"). (RJN, Ex. 8.) The document was filed as part of the court's final approval of the *In re Wachovia* settlement.

**B.  Res Judicata**

Turning to the merits of the Motion to Dismiss, Wells Fargo argues that Plaintiffs' claims are barred by the doctrine of res judicata. According to Wells Fargo, Plaintiffs' claims relating to negative amortization have previously been litigated and settled in the *In re Wachovia* class-action suit. (Mot. 2–3.) Curiously, Plaintiffs do not deny Wells Fargo's contention. (ECF Nos. 12, 19.) The Court finds that the doctrine of res judicata applies and bars each of Plaintiffs' claims.

The doctrine of res judicata, or claim preclusion, bars repetitious suits involving the same claim that have already been decided in a prior proceeding. *Cell Therapeutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010). Res judicata applies "if (1) the decision in the prior proceeding is final and on the merits; (2) the present proceeding is on the same cause of action as the prior proceeding; and (3) the parties in the present proceeding, or parties in privity with them, were parties to the prior proceeding." *Id*. at 577.

In *In re Wachovia*, class members who entered into "Pick-a-Payment" loans issued by World Savings between August 1, 2003 and December 31, 2008 brought suit arguing that the loan documents did not make adequate disclosures about the certainty of negative amortization. 2011 WL 1877630, at *5. The plaintiffs in *Mandrigues v. World Sav., Inc.,* No. C 07-04497 JF, the lead action in the *In re Wachovia* litigation, raised claims for fraudulent omissions in violation of the Truth in

1 Lending Act, breach of contract, breach of the implied covenant of good faith and fair
2 dealing, and violations of California's Unfair Competition Law. *In re Wachovia*, No.
3 3:09-md-02015, ECF No. 113. The class was comprised of three settlement groups:
4 (1) borrowers whose loans were paid off, (2) borrowers who still held loans and were
5 not in default, and (3) borrowers who still held loans and were in default. *In re*
6 *Wachovia*, 2011 WL 1877630, at *1. The case settled and the plaintiffs were awarded
7 $50 million. *In re Wachovia*, 2011 WL 1877630, at *2.

8   Here, Plaintiffs' claims are identical to those raised and settled in *In re*
9 *Wachovia*. Plaintiffs allege fraudulent concealment, intentional and negligent
10 misrepresentation, breach of contract, breach of implied covenant of good faith and
11 fair dealing, and violations of California's Unfair Competition Law. (ECF No. 12.)
12 The same factual allegations made in *In re Wachovia* comprise each of these claims.
13 In the FAC, Plaintiffs even concede that their claims were already litigated and
14 settled. Plaintiffs stated that their loan "is exactly the type for which World Savings,
15 Wachovia, and Wells Fargo settled a class-action suit in *In re Wachovia Corp.*" in
16 May 2011. (FAC ¶ 10; Opp'n 4:12–15.)

17   Further, Plaintiffs are included in the settlement class because they were
18 borrowers who still held loans, and were still in default, when *In re Wachovia* was
19 settled. (FAC ¶¶ 24, 34.) The doctrine of res judicata would be inapplicable if
20 Plaintiffs were not included in one of the three settlement classes. But Plaintiffs did
21 not opt out of the settlement. (*See* RJN, Ex. 8.)

22   Res judicata applies to court-approved settlement agreements in class action
23 suits dismissed with prejudice, and also bars any issues that could have been
24 introduced. *Villacres v. ABM Indus., Inc.,* 189 Cal. App. 4th 562, 569 (2010). A
25 court-approved settlement in a prior suit precludes subsequent litigation on the same
26 claim. *Id.* Because Plaintiffs did not opt out of the class action suit, they are
27 precluded from subsequent litigation on the same claims. Accordingly, the Court
28 finds Plaintiffs are bound by the judgment in *In re Wachovia* under the doctrine of res

1  judicata. *See Pey v. Wachovia Mortg. Corp.*, No. 11-2922 SC, 2011 WL 5573894, at
2  *6 (N.D. Cal. Nov. 15, 2011) (finding that plaintiff could not bring claims for
3  fraudulent omissions, breach of contract, breach of the covenant of good faith and fair
4  dealing, and violation of California's UCL because the claims were precluded by the
5  settlement in *In re Wachovia*). Thus, the Court **GRANTS** Wells Fargo's Motion to
6  Dismiss Plaintiffs' claims **WITHOUT LEAVE TO AMEND**.

### C. Remaining Arguments for Dismissal

Even if the Court found that res judicata does not apply, Wells Fargo's other grounds for dismissal have merit. The Court briefly addresses some of Wells Fargo's additional arguments.

#### *1. Fraudulent Concealment, Intentional Misrepresentation, and Negligent Misrepresentation Claims*

Wells Fargo asserts that the statute of limitations for Plaintiffs' claims for fraudulent concealment and intentional and negligent misrepresentation expired in December 2010. (Mot. 4:15–20.) Wells Fargo argues that Plaintiffs' claims cannot be tolled because the alleged fraud was discoverable when the loan documents were signed by Plaintiffs. (Reply 3.) But Plaintiffs argue that the statute of limitations should be tolled because they did not discover the fraud until their loan principal began to negatively amortize and their monthly repayments "rocketed" to "an exorbitant amount." (FAC ¶ 11; Opp'n 8:14–9:10.)

The statute of limitations for state-law fraud claims under the California Code of Civil Procedure is three years. Cal. Civ. Proc. Code § 338(d). Plaintiffs' claims for intentional and negligent misrepresentation are grounded upon the alleged fraud, so the three-year discovery rule under the statute of limitations is applicable. *See id*.

But because the parties do not dispute that Plaintiffs' claims are governed by section 338(d), the dispute is premised on when the fraud was discoverable. In a fraud case, the statute of limitations is postponed or tolled when a plaintiff can show that the defendant fraudulently concealed facts which prevented the plaintiff from discovering

the potential claim. *Snow v. A. H. Robins Co.*, 165 Cal. App. 3d 120, 126 (1985). But the period of limitations will run when the plaintiff has "notice of information or circumstances to put a reasonable person on inquiry." *Jolly v. Eli Lilly & Co.*, 44 Cal. 3d 1103, 1109–1111 (1988) (en banc); *see Platt Elec. Supply Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1058 (9th Cir. 2008) (stating that a claim for fraud accrues when a plaintiff has inquiry notice).

Here, Plaintiffs' fraud claims should not be tolled because Plaintiffs were put on "inquiry notice" when they entered into the mortgage contract on December 17, 2007. (Reply 3:15–16.) On the first page of the Adjustable Rate Mortgage Note, Plaintiffs were informed that the "Note contains a modification period" that would continue until January 1, 2011. (RJN, Ex. 1.) Plaintiffs also had notice that after January 1, 2011, the interest on their mortgage loan would increase to a fixed yearly rate of 8.100%, with a lifetime maximum interest rate limit of 12.250%. (*Id.*) While the initial monthly payments were only $1,659, Plaintiffs were on inquiry notice that the Note provided for only a three-year fixed rate. Both Plaintiffs signed and dated the Note which stated, "Please carefully read this *entire note* before you sign it." *Id.* (emphasis added).

The Adjustable Rate Mortgage Note was sufficient to give Plaintiffs notice that negative amortization was inevitable, and that their monthly mortgage payments would increase when their loan negatively amortized. (RJN., Ex. 1.) However, Plaintiffs were also put on inquiry notice via the Deed of Trust. (RJN. Ex. 2.) On the first page of the Deed of Trust it states in bold capital letters, "This is a first deed of trust which secures a note which contains provisions allowing for changes in my interest rate . . . the maximum aggregate principal balance secured by this deed of trust is $456,250 which is 125% of the original principal note amount." (*Id.*) Ironically, Plaintiffs assert this same fact to suggest that they *became* aware of the negative amortization when their "maximum aggregate principal amortized to $456,250" and their "repayments increased to $3,800." (FAC ¶ 11.) However, the Deed of Trust

1 shows that Plaintiffs were *already* on notice as of December 2007 that their loan
2 would negatively amortize and payments would increase.

3 Plaintiffs had every opportunity to thoroughly review the loan terms according
4 to the Note and the Deed of Trust. Plaintiffs' self-prescribed ignorance that they
5 lacked "knowledge or mortgage terminology" to "understand the true terms of the
6 loan" is not an excuse. (Reply 4:6.) Plaintiffs are unable to show they were induced
7 to sign the loan documents by virtue of failing to ask more questions when the
8 contract was executed.

9 Plaintiffs signed the mortgage loan on December 17, 2007. (FAC ¶ 7.) On
10 December 18, 2010, the statute of limitations expired. Thus, Plaintiffs' claims
11 grounded in fraud are time-barred by the three-year statute of limitations.
12 Accordingly, as an alternative to res judicata, the Court **GRANTS** Well Fargo's
13 Motion to Dismiss Plaintiffs' claims for fraudulent concealment, and intentional and
14 negligent misrepresentation **WITHOUT LEAVE TO AMEND**.

15 *2. Violation of California's Unfair Competition Law*

16 Wells Fargo also contends that Plaintiffs' UCL claim is time-barred by the
17 claim's four-year statute of limitations. In contrast, Plaintiffs again assert that the
18 statute of limitations for the UCL claim should be tolled because Plaintiffs relied on
19 Wells Fargo's alleged misrepresentations until their loan negatively amortized and
20 they were denied a loan modification under HAMP. (Opp'n 8:14–9:10.)

21 According to California Business and Professions Code section 17208, a
22 plaintiff must commence an action for unfair competition within four years, unless he
23 can show that the statute of limitations should be tolled. Here, as with the fraud
24 claims discussed above, the concept of inquiry notice also applies. Plaintiffs were on
25 notice of all of the loan terms at the time they signed the mortgage loan on December
26 17, 2007—including Wells Fargo's ability to approve or deny any applications under
27 HAMP. Again, Plaintiffs had every opportunity to review the terms of the contract
28 before signing. Thus, the statute of limitations for Plaintiffs' UCL claim expired in

1  December 2011.  The Court therefore **GRANTS**, as an alternative to res judicata,
2  Wells Fargo's Motion to Dismiss Plaintiffs' UCL claim **WITHOUT LEAVE TO**
3  **AMEND**.

4　　　　3.　　*Breach of Contract, Breach of Implied Covenant of Good Faith and Fair*
5　　　　　　*Dealing Claims*

6  Finally, the Court notes that if res judicata did not apply, Plaintiffs' remaining
7  claims for breach of contract and breach of implied covenant of good faith and fair
8  dealing would be dismissed for failure to state a claim under Rule 12(b)(6).

9　　　　　　　　　　**IV.   CONCLUSION**

10  For the reasons discussed above, the Court **GRANTS** Wells Fargo's Motion to
11  Dismiss **WITHOUT LEAVE TO AMEND**.  (ECF No. 16.)  Since the Court has
12  dismissed the FAC in its entirety, the Court need not reach the merits of the Motion to
13  Strike.  Accordingly, the Court **DENIES AS MOOT** Wells Fargo's Motion to Strike.
14  (ECF No. 18.)　　**IT IS SO ORDERED.**

16　　　April 23, 2014

18　　　　　　　　　　　　　_____
19　　　　　　　　　　　　　　　**OTIS D. WRIGHT, II**
　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**